■ BERNARD F. MUNDY et al., Individually and on Behalf of All Other Employees of the Nassau County Department of Probation Similarly Situated, Appellants, v NASSAU COUNTY CIVIL SERVICE COMMISSION et al., Respondents, et al., Intervenor-Respondent.—In an action, *inter alia,* to (1) "adjudge" that certain civil service examinations were illegal and invalid and (2) permanently enjoin the defendants "from implementing the results of said examinations and the eligible list promulgated therefrom", the plaintiffs appeal from (1) an order of the Supreme Court, Nassau County, dated May 4, 1976, which (a) deemed the instant action to be a proceeding pursuant to CPLR article 78, (b) held that the action was time-barred by the four-month Statute of Limitations and (c) dismissed the complaint and (2) an order of the same court, dated September 17, 1976, which denied their motion for leave "to renew their opposition" to the court's prior order. (We have reviewed the motion papers and find the plaintiffs' motion was actually one for reargument.) Appeal from the order dated September 17, 1976 dismissed. No appeal lies from an order denying reargument. Order dated May 4, 1976 modified by deleting therefrom the second and third decretal

paragraphs and substituting therefor a provision denying the defendants' motions to dismiss the complaint. As so modified, order affirmed. Plaintiffs are awarded one bill of $50 costs and disbursements, payable jointly by defendants-respondents appearing separately and filing separate briefs. While we believe that Special Term properly treated the plaintiffs' "action" as a CPLR article 78 proceeding, we do not agree that the proceeding is barred by the four-month Statute of Limitations. Although the eligible list in question was established and certified in January, 1975, the certification was withdrawn only a few days later. Therefore, it was not until the eligible list was recertified, in July, 1975, that the plaintiffs became aggrieved. The instant proceeding was commenced within four months of that recertification. The case of *Matter of Geyer v Nassau County Civ. Serv. Comm.* (51 AD2d 571), relied upon by the defendants, is inapposite since the petitioner in *Geyer* was required, under the statute applicable therein, to act *prior* to the establishment of the eligible list. Hopkins, Acting P. J., Latham, Damiani and Hawkins, JJ., concur.