■ IRVING POLIN, and All Others Similarly Situated, Respondent, v SENTRY INSURANCE, Appellant, et al., Defendant.—Appeal by defendant Sentry Insurance (1) as limited by its brief, from so much of an order of the Supreme Court, Nassau County, dated June 1, 1979, as denied its motion for a protective order vacating a notice for discovery and inspection on the ground that the motion was untimely, and (2) from a further order of the same court, dated June 14, 1979, which denied its motion for "renewal and/or reargument" of the June 1, 1979 order. Appeal from the order dated June 14, 1979 dismissed, without costs or disbursements. We have reviewed the motion papers and find that the motion was actually one for reargument. No appeal lies from an order denying reargument (Mundy v Nassau County Civ. Serv. Comm., 56 AD2d 885). Order dated June 1, 1979 reversed insofar as appealed from, without costs or disbursements, the provision denying Sentry's motion for a protective order as untimely is deleted therefrom, and the matter is remitted to Special Term for a determination of the motion on the merits. It is conceded that the notice for discovery and inspection was placed in the mail by the plaintiff on March 13, 1979, and was received by the appellant three days later, on March 16. On March 20, 1979 the appellant served its motion for protective order. CPLR 2103 (subd [b], par 2) provides, inter alia, that "where a period of time prescribed by law is measured from the service of a paper and service is by mail, three days shall be added to the prescribed period". Adding three days to the five days prescribed by CPLR 3122 for the service of a motion for a protective order (as it then read), yields a total of eight days within which to so move, and since the instant motion was made on the seventh day following the service of plaintiff's notice for discovery and inspection, it was timely when made. Accordingly, it was entitled to be considered on the merits. We note in passing that CPLR 3122 has since been amended to enlarge the time within which to move for a protective order to 10 days (L 1979, ch 80, eff Sept. 1, 1979) and that the foregoing, when coupled with the other circumstances of this case, would have prompted us to exercise our discretion to excuse appellant's lack of compliance with the five-day period prescribed by CPLR 3122 even had the application proved untimely (see Matter of Handel v Handel, 26 NY2d 853). Mollen, P. J., Titone, Gibbons, Rabin and Gulotta, JJ., concur.